**The below described is SIGNED.**

**Dated: August 31, 2011**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:** | |
| **MARSHALL JOE WARNEKE,** | Bankruptcy Case No. 10-25240 |
| Debtor. | Chapter 13 |
| **SPECIALIZED RAIL SERVICE, INC.** | |
| Plaintiff, | Adversary Proceeding No. 10-02555 |
| vs. | |
| **MARSHALL JOE WARNEKE,** | |
| Defendant. | |

**MEMORANDUM DECISION GRANTING MOTION TO VACATE DISMISSAL**

The matter before the Court is the Plaintiff's Motion to Vacate Dismissal. Both parties were represented at the hearing, with Mark A. Larsen appearing for Specialized Rail Service and David T. Berry appearing for the Debtor-Defendant. The Court ruled on the Motion from the bench and submits this Memorandum Decision in further support of its findings of fact and conclusion of law on the record. The Court recites some of the findings it made on the record to facilitate

understanding of this document, but this Memorandum Decision is meant only to supplement and not replace the findings and conclusions made on the record.

## FINDINGS OF FACT

1. The Debtor's bankruptcy petition was filed on April 22, 2010. Based on the 341 Notice sent by the Bankruptcy Court Clerk's Office, the deadline for complaints objecting to discharge was July 27, 2010.

2. The Plaintiff filed its complaint seeking the nondischargeability of its debt on July 27, 2010 and the first summons was issued same day.

3. The Debtor's counsel received notice of the filing of the adversary proceeding by ECF on July 27 or 28, 2010.

4. The first summons was not served properly on the Debtor.

5. On October 4, 2010, the chapter 13 trustee (Trustee) moved to dismiss the main case for a failure to make plan payments.

6. A second summons was personally served on the Debtor on November 19, 2010. That summons has not been served on the Debtor's counsel, however.

7. Subsequent to the Trustee's motion to dismiss, based on a failure to properly serve the Debtor and his counsel within the 120 days as required by Federal Rule of Civil Procedure 4(m)—which expired on November 24, 2010—the Debtor moved to dismiss the adversary proceeding on November 30, 2010.

8. A response by the Plaintiff to the Debtor's motion to dismiss was due on December 23, 2010.

9. On the Trustee's motion and based, in part, on the Debtor's failure to respond, the Debtor's main case was dismissed on December 9, 2010.

10. The Plaintiff did not respond to the Debtor's motion to dismiss the adversary proceeding and it was dismissed on January 18, 2011.

11. The Debtor obtained a vacation of the dismissal in his main case on April 14, 2011.

12. This motion to vacate the dismissal in the adversary proceeding was subsequently filed on June 1, 2011.

## **CONCLUSIONS OF LAW**

This Court has jurisdiction over the matter under 28 U.S.C. §§ 157 and 1334. It is a core proceeding over which the Court can make final orders.[1]

A proceeding to except a debt from a discharge is filed as an appendage to a bankruptcy case to determine that a particular debt is not discharged by the discharge in the main bankruptcy case.[2] Thus, if the main bankruptcy case will not provide a discharge, the adversary proceeding to except a debt from the nonexistent discharge may be rendered moot.[3]

In this case, the Plaintiff's action was based on a desire to except from the Debtor's discharge a debt to the Plaintiff that the Plaintiff alleged was a result of misconduct of the Debtor. The Debtor's main case was dismissed before the deadline to respond to the Debtor' motion to dismiss the adversary proceeding. The Plaintiff's failure to respond to the Debtor's motion, therefore, may have been a result of the Plaintiff having already received what it sought to receive by filing of the complaint—its debt would not be discharged by the Debtor's bankruptcy case.

---

[1] 28 U.S.C. § 157(b)(2)(I).

[2] 4 Collier on Bankruptcy ¶ 523.01 (Alan N. Resnick & Henry J. Sommer eds., 14th ed. rev. 2007).

[3] *See Garrett v. Vaughan (In re Vaughan)*, 233 F. App'x 783 (10th Cir. 2007).

The Debtor's counsel argued before the Court that other reasons may exist for a plaintiff to continue to pursue a nondischargeability action after the main case has been dismissed, such as for purposes of res judicata.[4] In this case, however, the adversary proceeding has barely commenced, so it would appear to have been less costly to not pursue the litigation to protect against the potential of a re-filing, rather than simply permit the adversary to be dismissed.

In granting the Plaintiff's current motion, the Court is not ruling on the efficacy of service or the merits of the underlying adversary proceeding. The Court is simply undoing the dismissal that was entered when the Plaintiff failed to respond to the Debtor's motion to dismiss considering the Plaintiff had little or no incentive to respond due to the dismissal of the Debtor's main case. A separate order will be entered granting the motion to vacate the dismissal.

-------------------------------------------End of Document-------------------------------------------



---

[4] The Court agrees with the Debtor's argument that an adversary proceeding may continue to be prosecuted despite the dismissal of the main case.

4

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Memorandum Decision Granting Motion to Vacate Dismissal** will be effected through the Bankruptcy Noticing Center to the following parties.

Mark A. Larsen
Deborah R. Chandler
Larsen Christensen & Rico, PLLC
50 W. Broadway, Suite 400
Salt Lake City, UT 84101

P. Matthew Muir
Miller Guymon, P.C.
165 Regent Street
Salt Lake City, UT 84101

David T. Berry
Berry & Tripp
5296 South Commerce Drive
Suite 200
Salt Lake City, UT 84107